# EXHIBIT A

Proposed Interim Order

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| LENSAR, INC., | : | Case No. 16-12808 |
| Debtor.[1] | : | |

**INTERIM ORDER ESTABLISHING CERTAIN NOTICE AND HEARING PROCEDURES FOR TRANSFERS OF, OR CLAIMS OF WORTHLESSNESS WITH RESPECT TO, CERTAIN EQUITY INTERESTS OF LENSAR, INC.**

Upon the motion (the "**Motion**")[2] of the Debtor for an order establishing certain notice and hearing procedures that must be satisfied before shareholders may make transfers of, or claims of worthlessness with respect to, equity interests in the Debtor; and the Court having reviewed the Motion and the Curtis Declaration; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtor, its estate, its creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefore, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is GRANTED as set forth herein on an interim basis.

2. The purchase, sale, or other transfer of, or worthlessness deduction with respect to, equity securities in the Debtor in violation of the procedures set forth herein shall be

[1] The Debtor in this case and the last four digits of the Debtor's federal tax identification number are: Lensar, Inc. (5724). The Debtor's corporate headquarters are located at 2800 Discovery Drive, Orlando, Florida 32826.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

null and void ab initio as an act in violation of the automatic stay under Bankruptcy Code Sections 365 and 105(a).

3. The following procedures and notices are approved and shall apply to trading in equity securities of the Debtor (the "**Equity Trading Procedures**"):

(a) Any person or entity (as defined in Treasury Regulations Section 1.382-3(a)) who currently is or hereafter becomes a Shareholder (as such term is defined in paragraph (e) below) must file with the Court, and serve upon the Debtor and counsel for the Debtor, a notice of such status, in substantially the form attached to the Motion as Exhibit C, on or before the later of (i) twenty (20) calendar days after entry of this Order or (ii) ten (10) days after becoming a Shareholder.

(b) At least thirty (30) calendar days prior to effectuating any transfer of equity securities (including options to acquire stock, as defined in paragraph (e) below) that would result in an increase in the amount of stock of the Debtor beneficially owned by a Shareholder or would result in a person or entity becoming a Shareholder, such Shareholder or person or entity must file with the Court, and serve on the Debtor and counsel for the Debtor, an advance written notice in substantially the form attached to the Motion as Exhibit D,[3] of the intended transfer of equity securities.

(c) At least thirty (30) calendar days prior to effectuating any transfer of equity securities (including options to acquire stock) that would result in a decrease in the amount of stock of the Debtor beneficially owned by a Shareholder or would result in a person or entity ceasing to be a Shareholder, such Shareholder must file with the Court, and serve on the Debtor and counsel for the Debtor, an advance written notice, in substantially the form attached to the Motion as Exhibit E,[4] of the intended transfer of equity securities.

(d) The Debtor shall have fifteen (15) calendar days after receipt of a Notice of Proposed Transfer to file with this Court and serve on such Shareholder an objection to any proposed transfer of equity securities described in the Notice of Proposed Transfer on the grounds that such transfer might adversely affect the Debtor's ability to utilize its Tax Attributes. If the Debtor files an objection, such transfer would not be effective unless approved by a final and non-appealable order of this Court. If the Debtor

[3] A notice in the form of Exhibit D is hereinafter referred to as a "**Notice of Intent to Purchase, Acquire or Otherwise Accumulate an Equity Interest**."

[4] A notice in the form of Exhibit E is hereinafter referred to as a "**Notice of Intent to Sell, Trade or Otherwise Transfer an Equity Interest**" and, collectively with a Notice of Intent to Purchase, Acquire or Accumulate an Equity Interest, a "**Notice of Proposed Transfer**."

does not object within such 15-day period, such transfer shall be permitted to proceed solely as set forth in the Notice of Proposed Transfer. Further transfers within the scope of this paragraph shall be the subject of additional notices as set forth herein, with an additional 15-day waiting period.

(e) For purposes of the Motion and this Order: (i) a "**Shareholder**") is any person or entity that beneficially owns stock of the Debtor (ii) "**beneficial ownership**" of equity securities means beneficial ownership for U.S. federal income tax purposes as determined in accordance with applicable rules under Section 382 of the Tax Code, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (A) direct and indirect, actual and constructive, beneficial ownership (for example, a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (B) ownership by such holder's family members and other related persons and persons acting in concert with such holder to make a coordinated acquisition of stock, and (C) ownership of shares that such holder has an option to acquire, and (iii) an "**option**" to acquire stock includes any option, contingent purchase, warrant, put, stock subject to risk of forfeiture, contract to acquire stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

4. The following procedure shall apply to claims for tax purposes that any equity securities of the Debtor are worthless (the "**Worthless Stock Deduction Procedures**"):

(a) Any person or entity that currently is or becomes a 50-percent Shareholder (as such term is defined in paragraph (d) below) must file with the Court, and serve upon the Debtor and counsel for the Debtor, a notice of such status, in substantially the form attached hereto as Exhibit F, on or before the later of (i) twenty (20) calendar days after entry of the Interim Order or (ii) ten (10) days after becoming a 50-percent Shareholder.

(b) At least thirty (30) calendar days prior to filing any federal or state tax return, or any amendment to such a return, claiming any deduction for worthlessness of Holdings stock, for a tax year ending before the Debtor's emergence from chapter 11 protection, such 50-percent Shareholder must file with the Court, and serve on the Debtor and counsel for the Debtor, an advance written notice in substantially the form attached hereto as Exhibit G (a "**Notice of Intent to Claim a Worthless Stock Deduction**"), of the intended claim of worthlessness.

(c) The Debtor shall have thirty (30) calendar days after receipt of a Notice of Intent to Claim a Worthless Stock Deduction to file with the Court and serve on such 50-percent Shareholder an objection to any proposed claim

of worthlessness described in the Notice of Intent to Claim a Worthless Stock Deduction on the grounds that such claim might adversely affect the Debtor's ability to utilize their Tax Attributes. If the Debtor files an objection, the filing of the return with such claim would not be permitted unless approved by a final and non-appealable order of the Court. If the Debtor does not object within such 30-day period, the filing of the return with such claim would be permitted as set forth in the Notice of Intent to Claim a Worthless Stock Deduction. Additional returns within the scope of this paragraph must be the subject of additional notices as set forth herein, with an additional 30-day waiting period.

(d) For purposes of these procedures: (i) a "**50-percent Shareholder**" is any person or entity that at any time within such entity's last three taxable years has had beneficial ownership of 50% or more of the stock of the Debtor, (ii) "**beneficial ownership**" of equity securities means beneficial ownership for U.S. federal income tax purposes as determined in accordance with applicable rules under Section 382 of the Tax Code, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (A) direct and indirect, actual and constructive, beneficial ownership (for example, a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (B) ownership by such holder's family members and other related persons and persons acting in concert with such holder to make a coordinated acquisition of stock, and (C) ownership of shares which such holder has an option to acquire, and (iii) an "**option**" to acquire stock includes any option, contingent purchase, warrant, put, stock subject to risk of forfeiture, contract to acquire stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

5. The Debtor may waive, in writing and in its sole and absolute discretion, any and all restrictions, stays, and notification procedures contained in this Order.

6. The Debtor shall serve a notice in substantially the form attached to the Motion as Exhibit H (the "**Notice of Order**") to: (a) the Office of the United States Trustee for the District of Delaware; (b) Jeffrey C. Krause, Samuel A. Newman, and Genevieve G. Weiner, Gibson, Dunn & Crutcher LLP, 333 South Grand Avenue, Los Angeles, California 90071, and Michael R. Nestor, Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801; (c) the Internal Revenue Service; (d) the Debtor's twenty

(20) largest unsecured creditors; (e) the Securities and Exchange Commission; (f) as applicable, any transfer agent for the Debtor's stock; and (g) all parties entitled to notice pursuant to Local Rule 9013-1(m). No further notice of entry of this Order need be served by the Debtor.

7. Upon receipt of the Notice of Order, any transfer agent for the Debtor's stock shall be required to send such Notice of Order to all holders of the Debtor's stock (or an option with respect thereto) registered with such transfer agent no later than five (5) business days after receipt of the Notice of Order. However, if any transfer agent provides the Debtor with the names and addresses of all holders of such securities no later than five (5) business days after receipt of the Notice of Order, then the Debtor shall be required to deliver the Notice of Order to such holders. Any registered holder shall be required, in turn, to provide the Notice of Order to any holder for whose account the registered holder holds stock of the Debtor (or an option with respect thereto), and so on down the chain of ownership for all such holders of the stock of the Debtor. Additionally, any person, entity, or broker, or agent acting on their behalf, that sells stock of the Debtor (or an option with respect thereto) to another person or entity shall be required to provide a copy of the Notice of Order authorizing the procedures to the purchaser (or any broker or agent acting on their behalf).

8. The requirements set forth in this Order are in addition to the requirements of Bankruptcy Rules 3001 and 3002 and all applicable securities, corporate and other laws, and do not waive compliance or excuse non-compliance therewith.

9. The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

10. This Interim Order and the Equity Trading Procedures approved herein shall remain in full force and effect until such time as this Court enters a final order with respect to the Motion.

11. Objections, if any, to approval of the Motion on a final basis must be in writing and timely filed in accordance with the requirements set forth in the Notice of Order and served upon the Debtor and counsel to the Debtor.

12. The Court shall hold a final hearing on the relief requested in the Motion on ________________, 2017 at __:___ _:m (Eastern Time).

13. Entry of this Order is without prejudice to the right so any party to seek to shorten any of the time periods for filing and serving any notices or objections required hereunder.

14. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: Wilmington, Delaware
__________________, 2016

____________________________________
THE HONORABLE _____________
UNITED STATES BANKRUPTCY JUDGE